UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

M.D. FARUKUZZAMAN, and
TASNIM CHOWDURY EATI

      Plaintiff,

 v.                               CASE NO.: 2:15-cv-00424-UA-MRM

FORTUNE STEP, LLC,
A Florida Limited Liability Company,
d/b/a Quick & Friendly, and
HABIBUR RAHMAN, Individually

      Defendant.

_____/

## JOINT MOTION TO DISMISS

Plaintiffs, M.D. FARUKUZZAMAN, and TASNIM CHOWDURY EATI, and Defendants FORTUNE STEP, LLC d/b/a QUICK & FRIENDLY and HABIBUR RAHMAN jointly move the Court for an order dismissing the Complaint with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(ii). As grounds for the Motion, the parties state as follows:

The Complaint in this case contains four counts, two of which are for alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§201 – 219 ("FLSA"). (Doc. #1).   Plaintiffs alleged that they were entitled to minimum wages and overtime compensation for all hours working for Defendants. Defendants filed their Answer and Affirmative Defenses on July 30, 2015 (Doc. #6), and in part stated that Plaintiffs were never employed by Defendants, but rather were partners of Defendant Rahman. Additionally, Defendants stated that Plaintiffs misappropriated funds from the business, and pursued a separate cause of action in the Circuit Court for the Twentieth Judicial

Circuit in Lee County to reclaim the misappropriated funds.

The parties engaged in mediation on May 31, 2016. The Plaintiffs learned that Defendant Rahman moved out of state, and Defendant Fortune Step was no longer in business due to the inability to pay its bills.

Due to the pending claims both parties maintained, and the inability of the parties to pay any monetary damages, the parties reached an amicable resolution to dismiss all claims and accept mutual general releases with the Defendants covering the cost of the mediation. Notwithstanding the factual and legal arguments that the parties believe are applicable in this matter, the parties determined that they preferred to amicably conclude the instant litigation, taking into account the cost, time, and uncertainty associated with the ongoing case.

The parties jointly submit to the Court that there has been sufficient investigation and exchange of information to allow counsel for both parties to evaluate the parties' claims and defenses and make recommendations regarding the resolution of this matter.

No settlement funds are being paid by either party. The parties have agreed to pay their own attorneys' fees and costs separately. Both parties were represented by counsel and fairly negotiated the terms of the settlement.

Given the nature of this resolution, the parties are not asking the Court to review and approve the settlement. However, if review of the settlement by the Court is required, the parties also respectfully submit that the settlement reached among the parties should be approved by this Court as fair and reasonable. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Pursuant to *Lynn's Food*, the Court reviews the parties' agreements to determine if they are "a fair and

reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 WL 328792 at *2, (M.D. Fla. 2007).

The parties, therefore, respectfully submit that the settlement that they have entered in to represents a reasonable compromise of both parties' claims consistent with the requirements of *Lynn's Food*. A copy of the settlement agreement is attached hereto for the Court.

Dated this: 9th day of June, 2016.

Respectfully submitted,                                   Respectfully submitted,

By: **/s/ Jason L. Gunter**                               By: **/s/ Matthew Toll**
    Jason Gunter, Esq.                                      Matthew Toll, Esq
    Fla. Bar No.: 0134694                                    Fla. Bar Number: 0785741
    JASON L. GUNTER, P.A.                                    TOLL LAW
    Attorney for Plaintiff                                   Attorney for Defendants
    1625 Hendry St., Suite 103                               1217 Cape Coral Pkwy E, #121
    Fort Myers, FL 33901                                     Cape Coral, FL 33904-9604
    Tel: (239) 334-7017                                      Tel: (239) 257-1743
    Fax: (239) 244-9942                                      Fax: (239) 257-1794
    E-mail: jason@gunterfirm.com                             Email: matt@matthewtoll.com